Filed: 1/24/2020 9:31 AM
Lynne Finley
District Clerk
Collin County, Texas
By Alicia Hamblin Deputy
Envelope ID: 40232632

CAUSE NO. 401-00449-2020

| | | |
|---|---|---|
| MARVIN GATHRIGHT dba<br>LOST HIGHWAY CLASSIC CARS,<br>    Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | _____ JUDICIAL DISTRICT |
| NATIONWIDE GENERAL INSURANCE COMPANY,<br>    Defendant. | §<br>§<br>§ | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARVIN GATHRIGHT dba LOST HIGHWAY CLASSIC CARS, Plaintiff herein, files this his Original Petition against Defendant, NATIONWIDE GENERAL INSURANCE COMPANY, and, in support of his causes of action, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, MARVIN GATHRIGHT dba LOST HIGHWAY CLASSIC CARS, owns the property made the basis of this suit located at: 123 W Princeton Drive, Princeton, Texas 75407 (the "Property").

2. Defendant NATIONWIDE GENERAL INSURANCE COMPANY ("Nationwide" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218. Service is requested by certified mail, return receipt requested at this time.

### II. DISCOVERY

3. Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

### III.   CLAIM FOR RELIEF

4.  At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $200,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on their damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV.   JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.  Venue is proper in Collin County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.   FACTUAL BACKGROUND

7.  Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

8.  The agreement was drafted by Defendant and assigned Policy Number ACP BPOG3008208874 (the "Policy"). The Policy's effective date was from April 7, 2017 to April 7, 2018 (referred to as the "Policy Period").

9.  During the Policy Period Plaintiff's property sustained damage as a result of wind, hail, and rain.

10. Plaintiff subsequently filed a claim under the Policy.

11. Defendant formerly assigned the claim, claim number 853788-GF, but it is now recognized as claim number 563358-GH (referred to as the "Claim").

12. Defendant hired ProNet Group, Inc. ("ProNet") to investigate the damages to Plaintiff's Property.

13. Thereafter, Plaintiff hired D.A. Lamont Public Adjusters, LLC ("D.A. Lamont") as its public adjuster to handle the claim with Defendant and to inspect the property.

14. On or around April 25, 2018, Owen "Tommy" Tolson ("Tolson"), an engineer employed by ProNet, performed an investigation of the Property. Tolson acknowledged wind related damage, but ultimately concluded that the damages were due to deterioration and improper installation.

15. Tolson's photographs from his report do indeed show displaced metal edging, displaced tiles, fractured tiles, and chipped tiles – all of which are indicative of hail, wind, and rain damage. Tolson does not consider the totality of the events that occurred during the storm made the basis of this lawsuit in determining the damage sustained to the property.

16. On or around July 18, 2018, Defendant paid Plaintiff in the amount of $1,108.98 for the estimated repairs to or replacement of the fallen roof parapet façade. Accordingly, Defendant significantly underpaid Plaintiff to repair or replace the full cost of damages to its property.

17. In Defendant's letter dated October 13, 2018, it incorrectly concluded based on ProNet's findings of wear and tear to the modified bitumen roofing material and parapet lap, age, quality of installation, and alleged "conditions which are not covered by your policy," that Plaintiff's Claim should be partially denied. On the same date, Defendant paid Plaintiff an additional amount of

$283.37 for estimated repairs or replacement of the property, and in turn continued to significantly undervalue the extent of damages on Plaintiff's Property.

18. Thereafter, Plaintiff demanded an appraisal pursuant to the Policy that Defendant itself drafted. However, Defendant refused to proceed with an appraisal.

19. Defendant and its adjusters' decision to refuse to participate in appraisal is a breach of the Policy and against clear Texas case law, which further demonstrates the mishandling of this Claim.

20. Plaintiff served Defendant with its presuit notice letter required under section 542A of the Texas Insurance Code. In response, Defendant, for the first time, requested Plaintiff's examination under oath as further harassment in an attempt to put pressure on Plaintiff to drop its valid claim under the Policy.

21. ProNet's conclusion of the cause of the Property damages is not based on any testing or actual observation of the Property. ProNet's conclusion is nothing more than speculation to support its ultimate objective in this claim, to find no covered loss.

22. ProNet was obviously hired for one thing, to help Defendant partially deny Plaintiff's claim.

23. Defendant and its adjusters failed to perform a proper inspection of the Property and as a result improperly partially denied the Claim and underpaid another portion of the Claim.

24. Defendant and its adjusters assigned to the Claim prepared a report that failed to include all of the damages sustained by the Property and undervalued the damages observed during the inspection.

25. Defendant and its adjusters' unreasonable investigation led to the partial denial of Plaintiff's Claim and the significant underpayment of another portion of the Claim.

26. Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

## VI. CAUSES OF ACTION

### A. Breach of Contract

27. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 26 of this Petition.

28. Defendant entered into the Policy with Plaintiff.

29. Plaintiff's Property sustained damage during the Policy Period as a result of hail, wind and rain which is a covered cause of loss under the Policy.

30. Defendant breached the terms of the Policy by wrongfully partially denying and significantly underpaying another portion of the Claim.

31. Defendant further breached the terms of the Policy by refusing to participate in the appraisal process.

32. As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

### B. Insurance Code Violations

33. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 31 of this Petition.

*Prompt Payment of Claims Statute*

34. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

35. Plaintiff, therefore, in addition to Plaintiff's Claim for damages are entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

36. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

37. Defendant violated § 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

*Violation of § 541.060(a)(1):*

38. Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.

*Violation of § 541.060(a)(2):*

39. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.

*Violation of § 541.060(a)(3):*

40. Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's partial denial of a claim.

*Violation of § 541.060(a)(4):*

41. Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff.

*Violation of § 541.060(a)(7):*

42. Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

43. Defendant violated § 541.061 by:

(1) making an untrue statement of material fact;
(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;
(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
(4) making a material misstatement of law; and
(5) failing to disclose a matter required by law to be disclosed.

**C.    DTPA Violations**

44. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 42 of this Petition.

45.  At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

46.  Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

47.  Defendant violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

(3) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

48.  Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Breach of The Duty of Good Faith and Fair Dealing**

49.  Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 47 of this Petition.

50.  Plaintiff and Defendant entered into a valid and enforceable insurance policy.

51.  Defendant owed Plaintiff the common law duty of good faith and fair dealing.

52.  Defendant breached the common law duty of good faith and fair dealing by wrongfully partially denying the Claim, significantly underpaying another portion of the claim, and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

53.  Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

54. Defendant was aware at all times that its actions would result in the partial denial and significant underpayment on another portion of Plaintiff's Claim, cause mental anguish and thus extraordinary harm associated with Plaintiff's Claim.

55. As a result of Defendant's acts and/or omissions, Plaintiff sustained actual damages.

### VII. Attorneys' Fees

56. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 54 of this Petition.

57. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

58. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the Claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the Claim was presented.

59. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

60. Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

### VIII. CONDITIONS PRECEDENT

61. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

### IX. DEMAND FOR JURY

62. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. DISCOVERY REQUESTS

63. Pursuant to Rule 194, You are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recovers actual damages, mental anguish and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

neopost
01/27/2020
US POSTAGE $005.90

FIRST-CLASS MAIL

ZIP 75071
041M12250879

7870183218 C015